UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-580-H

TIM COSS                                                                                                   PLAINTIFF

V.

JAMES HUTCHENS and
CHARLES NEUMANN                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Charles Neumann, has moved to reconsider the Court's Memorandum Opinion dated June 2, 2006. In particular, he contends that the evidence as to his participation is insufficient to raise a jury issue. Plaintiff argues that Neumann's fraud is constructive in nature based upon evidence that he and Hutchens met many times and discussed the offers to be made to Coss.

The Court has carefully reviewed its Memorandum Opinion. The Court allowed to remain Plaintiff's Count I fraudulent misrepresentation claim concerning the company's future profits. In its original analysis, the Court did not attempt to distinguish between representations by Hutchens or Neumann. Quite frankly, the Court had not considered the possibility that one party defendant might be distinguishable from the other. Therefore, it is appropriate to consider whether the evidence produces a different result as to each.

The evidence is that Hutchens conducted the negotiations with Coss. Only he made direct representations to Coss. However, Hutchens may have discussed the offers with Neumann and he appears to have copied Neumann on all of the e-mails containing representations.

Therefore, Plaintiff's theory is that Neumann was aware of and approved of the alleged misrepresentations to Coss regarding the company's profitability. Plaintiff argues that this evidence presents a case of constructive fraud under *Johns Hopkins Hsp. v. Peabody Coal Co.*, 920 F.Supp. 738, 743 n.2 (W.D. Ky. 1996).

There appears to be little authority in Kentucky law to support a claim under a constructive fraud theory. However, the jury could believe that Hutchens and Neumann collaborated in the negotiations; that Neumann knew and approved of the fraudulent misrepresentation; and that the offer and representations were delivered by Hutchens and by Neumann constructively through Hutchens. These inferences from the evidence could support a claim against Neumann individually. For the time being, the Court will allow the claim against Neumann to remain.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to reconsider is DENIED. Trial is set for **November 13, 2006.**

cc:     Counsel of Record